## JAMES C. GALVIN, Respondent, v. BROTHERHOOD OF AMERICAN YEOMEN, a Corporation, Appellant.

Kansas City Court of Appeals.   May 23, 1921.

1. **ACTIONS: Insurance: Injunction: Civil Courts Will Not Require an Unreasonable or Useless Act to be Done Before Reviewing Finding of Judicatory of Benefit Society.** Under the Constitution and by-laws of the Brotherhood of American Yeomen, a fraternal benefit society, a judicatory is created to hear altercations between members, and which has the power to discipline members for infraction of rules or misconduct, and where the contention of the defendant is that the plaintiff must exhaust this form of procedure in determining the question of member's misconduct before a court of equity will take jurisdiction, it is *held*, that the rule is not an iron clad one, and that the courts will not require an unreasonable or useless act to be done before hearing case.

2. **MUTUAL BENEFIT SOCIETIES: Constitution and By-Laws: Effect: Proceedings by Judicature of Mutual Benefit Societies, in Good Faith, Pursuant to Its Own Laws and Not in Violation of the Laws of the Land, Conclusive.** The decisions of a judicature of a voluntary society in disciplining members will not be interfered with by courts, except to determine whether proceedings were in good faith, pursuant to the laws and rules of the society, and not in contravention of the laws of the land.

3. **——: Courts: Courts Have no Jurisdiction Over Voluntary Associations Except to Protect Property Rights.** Courts will not interpose between voluntary associations and members except to protect a property right of the member.

4. **——: Injunction: Evidence: Must be an Actual or Threatened Interference With the Property Right of the Member Before an Injunction Will be Granted.** Where there is no positive proof of record that the board of directors of the mutual benefit society were acting in other than a fair and impartial manner in investigating the charges against the plaintiff, an injunction will not be granted, as the member has an adequate remedy at law under the by-laws of the society.

5. **——: Actions: Res Adjudicata: Dismissal by Plaintiff of Temporary Injunction, Not Res Adjudicata to Suit on Same Facts Later.**

Where plaintiff upon filing petition obtained issuance of temporary restraining order, and defendant filed an answer and motion to dissolve restraining order, and thereupon plaintiff dismissed his cause and a judgment is so entered, *held*, not *res adjudicata* to a suit brought later in another county, on the same statement of facts as those on which the first injunction was asked.

Appeal from the Circuit Court of Cole County.—*Hon. J. G. Slate,* Judge.

REVERSED.

*John H. Pollock, Sloan Turgeon and A. T. Dumm* for respondent.

*Humphrey, Boxley & Reeves, A. H. Hoffman* and *Irwin & Haley* for appellant.

ARNOLD, J.—This is a suit in equity to enjoin defendant, its officers, servants, agents and employees from interfering with plaintiff in his rights as an officer and member of defendant corporation.

Defendant is a fraternal benefit society and plaintiff is a member thereof, holding the position of correspondent of one of the "homesteads" or subordinate lodges, located at Kansas City, Missouri, and he also occupied a position in defendant's organization known as state foreman. Defendant, for the purpose of carrying out its organization scheme as a fraternal beneficiary association, has a constitution and by-laws and these provide for the government of the central organization and also for the government of its subordinate divisions; and in a like manner provides for the discipline of members and creates a judiciary for controversies between members.

In 1919, one P. A. Stark, a member of the order and holding a position known as state manager for Missouri, filed charges before the board of directors of defendant and asked action on the part of said board, under the provisions of Section 30, division 5, defendant's

by-laws which particularly refers to the duties of said⁕ board, and empowers said board of directors to sit as a board of investigation of any alleged infraction of the laws or proprieties of the association by any local "homestead" or any of the officers or members thereof.

Sec. 30 further provides that "they shall have the power to summon witnesses and provide for the mode of hearing and trial in such cases. Appeal may be taken directly from the findings of the board of directors to the Supreme Conclave. The findings of the board of directors shall stand and remain in force until reversed by the Supreme Conclave."

The board of directors entertained the charges filed by said Stark and began its investigations under the provisions of the by-laws, whereupon plaintiff filed suit in the circuit court of Jackson county, Missouri, and sought an injunction. The court allowed a temporary restraining order which remained in force for several months, and after defendant had answered, and on July 24, 1920, had filed a motion to dissolve the injunction, plaintiff on August 6, 1920, by his attorney in open court, dismissed the case. The entry and order of the court relative thereto were as follows:

"Now on this day comes plaintiff by attorney and in open court dismisses this cause.

"It is therefore, ordered and adjudged by the court that this cause be and the same is hereby dismissed and that the injunction herein be and the same is hereby dissolved and for naught held, and that defendants have and recover of and from plaintiff all costs herein incurred and that execution issue therefor."

Subsequenty plaintiff filed the same suit in the circuit court of Cole county, Missouri, at Jefferson City, the petition therein being the same as the former in all essential particulars, and a temporary injunction issued thereon.

Defendant's answer thereto is a general denial and specially pleads that plaintiff has no grounds for

equitable relief and sets up the proceedings in Jackson county and alleges former adjudication. Defendant then filed its motion to dissolve the injunction, upon the grounds that plaintiff's petition had not set up grounds for equitable relief and was insufficient in law.

The case was tried by agreement on its merits on the motion to dissolve. At the close of the hearing the court issued its order of permanent injunction and defendant appeals.

Defendant's first contention is that section 30 of its by-laws afforded plaintiff the right to a trial and provided for him a judicatory to determine every question at issue, and he was therefore not entitled to maintain his suit in equity.

This section 30 clearly creates a judicatory and specifies that the board of directors shall constitute the same. The language of the section provides a method of procedure in cases coming before said board in the following words: ''They shall also sit as a board of investigation on any alleged infraction of the laws or proprieties of of this association by any local homestead or the officers or members thereof.''

The said section defines the powers of the said board when sitting as investigators: ''They shall have the power to summon witnesses and provide for the mode of hearing and trial in such cases.'' The section further provides for appeal in case of an adverse finding against the accused, viz.: ''Appeal may be taken directly from the findings of the board of directors to the supreme conclave.'' This section also (at least inferentially) authorizes the said board to make findings: ''The findings of the board of directors shall stand and remain in force until reversed by the supreme conclave.'' This section (30) does not specify the line of procedure to be followed by the board, but generally states: ''. . . and provide for the mode of hearing and trial in such cases.''

Defendant's contention is that plaintiff should have exhausted all of his remedies in the judicatories of the

order before resorting to the civil courts. Section 30 from which we have quoted (supra) clearly provides a judicatory through which this case could have been determined.

In State ex rel. Grand Lodge, 70 Mo. App. l. c. 465, it is said: "Ordinarily the civil courts, in cases like this, will not hear a grievance of this character, until after the action of the order or society complained of has been ratified by the highest tribunal of the order, established to adjudicate such cases, but the rule is not an ironclad one, and the civil courts will not require that complainant shall have done an unreasonable or useless act before he can be heard."

In the case at bar the order is a voluntary association and any member becoming associated therewith is subject to the provisions of its by-laws.

In Connelly v. Mutual Benefit Association, 9 L. R. A. 428 (Conn.) the court held: "The decisions of any kind of a voluntary society or association, in admitting members and in disciplining, suspending or expelling them, are of quasi-judicial character. In such cases the courts never interfere except to ascertain whether or not the proceedings are pursuant to the rules and laws of the society; whether or not the proceeding was in good faith, and whether or not there was anything in the proceeding in violation of the laws of the land. If it is found that the proceeding was fairly had, in good faith and pursuant to its own laws, and that there was nothing in it in violation of any law of the land, then the sentence is conclusive like that of a judiciary tribunal. [Citing many cases on this point.]

Froelich v. Musicians M. B. A., 93 Mo. App. l. c. 390, holds: "So long as an association remains a voluntary one the courts have no jurisdiction over it and the courts will not interpose between it and a member except for the sole purpose of protecting an interest the member may have in the property of the association."

In Lysaght v. St. Louis Operative Stonemasons' Assn., 55 Mo. App. 538, it was held that "when the laws

of a mutual benefit society provide for the payment of benefits to defray the funeral expenses of members and of their wives, the members have property rights in the society,'' and it was held in that case that plaintiffs had such a pecuniary interest in the association as to give the court jurisdiction to enjoin the association from depriving Lysaght of his membership by proceedings not authorized by the by-laws of the association.

We hold in the present case, that plaintiff had such a pecuniary interest in the association as to give the court jurisdiction to review a finding of the board of directors, had such a finding been made. It is clear, however, that the board of directors, proceeding under the provisions of section 30, of the by-laws, had not returned a finding, and the rule in the Lysaght case does not apply. So far as the record discloses, there is no substantial proof to sustain the allegations in the petition to the effect ''that defendant corporation, acting through its board of directors, plans and purposes to remove, expel, suspend and fine plaintiff, and cancel plaintiff's membership in said society.''

In fact there is no positive proof, so far as the record shows, to sustain plaintiff's allegations to the effect that the board of directors was acting in any other than a fair and impartial manner in investigating the charges against plaintiff. To reach a contrary opinion on this point the court would be compelled to resort to speculation, and draw inferences not warranted by the showing made by plaintiff.

It will not be necessary to go deeply into the testimony adduced at the trial. There is no direct evidence that any of the board of directors had talked to anyone about the affair, and only in one instance was there any evidence tending to show that there was any conversation adverse to plaintiff's rights indulged in in the presence of the board or of any member thereof. That was director Vrooman, and he denied that any such conversation occurred in his presence, and stated that he did not sit

with the board as one of the investigators. It seems clear to this court that this cause developed from a personal difference between members only, and that the proper officers under the by-laws were endeavoring to adjust the matter. They had not proceeded far enough in the performance of this duty to indicate whether their report would be favorable or adverse to plaintiff's interests, when they were required to cease their activities relative thereto by the filing of an injunction suit.

Defendant further contends that the matters in controversy had been adjufiated in the Jackson County Circuit Court prior to the filing of this suit in Cole county. The record shows that in the circuit court of Jackson county the petition was filed and a temporary restraining order issued and that an answer and motion to dissolve the restraining order were also filed. Whereupon plaintiff dismissed his cause and the court entered judgment accordingly. There were no other proceedings of record. We hold the matter was not *res adjudicata.*

Further we hold, in accordance with the views hereinabove expressed that the proof presented by plaintiff failed to sustain the allegations of his petition; that he had an adequate remedy at law, as provded by the by-laws of the defendant association, and that defendant's motion to dissolve the injunction should have been sustained.

The judgment is reversed. All concur.